Eldon O. HALDANE, Appellant,

v.

Donald RUPPE et al., Appellees.

No. 23795.

United States Court of Appeals,
Ninth Circuit.

Nov. 18, 1970.

**648**

---

Eldon O. Haldane, in pro. per.

Wm. M. Byrne, Jr., U. S. Atty., Herbert M. Schoenberg, Asst. U. S. Atty., Frederick M. Brosio, Jr., Chief, Civil Division, Carolyn M. Reynolds, Asst. U. S. Atty., John D. Mahart, County Counsel, for Moss, Miller, etc., Jean Louise Webster, Deputy County Counsel, Los Angeles, Cal., for appellees.

Before BARNES, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

Appellant sought below to declare fraudulent certain State Court decisions, and District and Circuit holdings; and to seek $24,000,000 in damages from certain defendants.[1]

The litigation in the State of California arose out of a petition to declare appellant mentally ill filed in 1961. (Ex.

A, attached to Complaint—C.T. p. 17). The appellant was found not mentally ill, and the petition dismissed. (Ex. A, attached to Complaint, C.T. p. 22).

He then sought damages unsuccessfully in the state courts, claiming a violation of his civil rights.

This is the fifth case filed in the Federal Courts by plaintiff for the alleged violation of his civil rights. In dismissing it, Judge Peirson Hall in the District Court wrote:

"The first case is No. 64–293–CC. The Complaint, filed March 5, 1964, named as parties Chagnon and Freedman, each of whom was an attorney at law, Judge Lloyd S. Nix, and Judge Allen Miller of the Superior Court of the County of Los Angeles, and Wilfred H. Tomlin, Bailiff for Judge Nix. Process was issued and served upon all defendants. Chagnon and Freedman filed motions to dismiss which, after hearing, were granted in a judgment by Judge Carr, who also dismissed the action against the remaining defendants because of immunity from liability. An appeal was taken, and the judgment of dismissal was affirmed, 345 F.2d 601.

"The second case No. 65–1280–TC, was filed August 24, 1965, by the same plaintiff alleging violation of civil rights, and named as a defendant only one Albert D. Matthews, a Court Commissioner of the Superior Court of the State of California. Summons was issued and served on the defendant Matthews, who appeared through the County Counsel with a motion for summary judgment, which was granted by Judge Clarke on October 5, 1965, and no appeal was taken.

"The third case, No. 66–139–PH–AH, was filed January 24, 1966, and again named Chagnon, Freedman and Tomlin and Matthews (who had been

---

1. The number of defendants and appellees in this case varies in headings of the different documents. In the complaint in the District Court, 15 defendants were named; 14 defendants moved to dismiss;

10 defendants are named by appellant in his brief on appeal, 10 defendants are named by appellants Ruppe, et al., and 15 defendants are named in the County Counsel's brief.

named in the first case, No. 64–293– CC), and in addition named Leonard S. Sands and Gordon Thompson, Jr., Chagnon, Freedman, Sands and Thompson as lawyers, Matthews as Commissioner, and Tomlin as Bailiff, who had in their various capacities come in contact with the plaintiff on incompetency litigation in the Los Angeles Superior Court. Here again process was issued and served by the Marshal. The parties appeared by motion to dismiss. The matter was heard and Judge Hauk of this Court entered a judgment of dismissal on December 7, 1966, from which the plaintiff appealed. The judgment of dismissal was affirmed, cert. den. 390 U.S. 981 [88 S.Ct. 1102, 19 L.Ed.2d 1278]."

Much of this case has thus been before this Court of Appeals. In Haldane v. Chagnon (No. 19370), 345 F.2d 601 (1965), we held that defendants Allen Miller and then defendant Lloyd Nix, each Superior Court Judges, had judicial immunity for their acts done in the performance of their judicial duties. We held also that Bailiff Wilfred H. Tomlin, acting at the direction of a judge performing a lawful act, was also entitled to judicial immunity. We likewise held also that defendants Chagnon and Freedman, lawyers, while not being state officers, were properly dismissed because there were no state officers remaining in the case as conspirators; and therefore, the attorneys could not be conspirators with them as charged.

Our holding in No. 19370 is the law of the case, and binding upon this panel. We so held in a per curiam opinion, No. 21567, decided December 20, 1967; and *certiorari* was denied by the Supreme Court of the United States, 390 U.S. 981, 88 S.Ct. 1102, 19 L.Ed.2d 1278, No. 1073.

Subsequently, appellant filed the present four count action, in which *Judge Miller is named as a defendant,* but not Judge Nix; lawyers Chagnon and Freedman are named; seven defendants are named "for preventive relief only." (Count One, third paragraph). They are United States Attorney Matt Byrne; Rosamond B. Haldane (appellant's wife); the Hon. Chas. H. Carr, U. S. District Judge, the Hon. Walter Ely, Circuit Court of Appeals Judge; the Hon. Roger J. Traynor, former Chief Justice of the Supreme Court of the State of California; the Hon. Conrad J. Moss (then a Judge of the State Superior Court, now deceased); and the Hon. Abe Fortas, formerly an Associate Justice of the Supreme Court of the United States. No cause of action is specifically stated against those defendants named "for preventive relief only."

Also joined as defendants were attorneys Ruppe and Jarrett (who represented defendants in the California State Court, and before Judge Carr) in the proceedings affirmed by this Court in our No. 19370 (345 F.2d 601 (1965)); in which Judge Carr had granted defendant's Motion to Dismiss the Complaint. The general language of the instant case states this District Court Judgment constitutes a fraudulently induced order, though no specific facts are alleged. We, of course, have held to the contrary in 345 F.2d 601 (1965), and we repeat for the second time that that opinion represents the law of the case.

Count Two realleges all of Count One, and adds that in the District Court case No. 66–139 before the Honorable A. Andrew Hauk, the defendants Chagnon, Freedman, Jarrett and DeBuys conspired to deprive plaintiff of his civil rights.

"* * * leading up to the fraudulently procured judgment dated December 7, 1966", which on appeal "was affirmed on the authority of the void and fraudulently procured judgment in No. 19370 reported at 345 F. 2d 601, obtained by aggravated intentional fraud upon the United States Court of Appeals, Judges Ely, Merrill and Duniway, and the entire judiciary."

Appellant then in Count Two "demands" that this Court "recall its mandate in Nos. 19370 and 21567, purge itself and the District Court of all fraudulently procured judgments," grant relief, "including attorneys' fees and $1,000,000 as general damages."

Appellant in Count Three incorporates all the foregoing and sues for an additional $1,000,000 damages against lawyers Chagnon and Freedman, Assistant County Counsel Robert C. Lynch and Honorable Allen Miller, and Bailiff Tomlin for conspiring to defeat, in the State Courts, appellant's unsuccessful suit for false imprisonment (No. 790,809 in the Superior Court of Los Angeles County). In these proceedings, the Honorable Conrad J. Moss decided a motion to dismiss made on behalf of Tomlin, granting a dismissal, which in turn accounts for his presence here as a defendant.

In Count Four, appellant realleges all of Counts One, Two, and Three, and charges that the remaining defendants in No. 790,809 were tried before the Honorable Bernard S. Jefferson and a jury; that defendants Chagnon and Freedman were represented by attorneys Jarrett and DeBuys; that the Honorable Bernard S. Jefferson "corruptly" dismissed the false imprisonment charges, and directed a verdict for defendants.

Thereafter, various defendants moved to dismiss plaintiff's complaint, and this was granted "for the reasons and on the grounds and authorities set forth in their respective motions."

It would produce nothing of a precedential value to recite those grounds herein.

The Judgment of the District Court is *affirmed,* dismissing the appellant's complaint as to defendants: Ruppe, DeBuys, Freedman, Traynor, Jarrett, Chagnon, Moss, Jefferson, Miller, Lynch, Byrne, Fortas, Ely and Carr.

The defendant Rosamond B. Haldane, one time wife of appellant, is named a defendant as an alleged indispensable party, but "for preventive relief only," whatever that may mean. In the interests of justice, the complaint is likewise dismissed as to her.